IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANN SHELBY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-488-C |
|  | ) |  |
| BAUER PACIFIC IMPORTS, LLC, a | ) |  |
| California limited liability co.; | ) |  |
| PARAGON, PARADIGM, PARADOX | ) |  |
| CORP. d/b/a Chicago Costume, an | ) |  |
| Illinois corp.; and RALPH BUTLER | ) |  |
| d/b/a Party Oasis, an individual residing | ) |  |
| in California, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

MEMORANDUM OPINION AND ORDER

Plaintiff filed suit against Defendants alleging they infringed on certain masks for which she had obtained copyright protection. Defendant Paragon, Paradigm, Paradox, Corp., d/b/a Chicago Costume ("Chicago Costume") seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Defendant Chicago Costume is based in Chicago, Illinois, which is also its state of incorporation. It maintains two retail locations and a shipping warehouse, all located in Chicago. In addition, it operates a commercial interactive website which is accessible both nation- and worldwide. In support of its Motion to Dismiss, Chicago Costume notes that it has sold three allegedly infringing masks in the State of Oklahoma. Two were sold to Plaintiff and the third sold to another individual. Additionally, it notes that it has very limited business of any type with Oklahoma, providing an affidavit attesting that its total revenue generated from sales to Oklahoma customers over the last three

years totaled $640.42, .05% of its total revenue in 2012, .12% of 2013 total revenue, and .16% of 2014 total revenue. Thus, Defendant Chicago Costume avers, its total Oklahoma revenue was slightly more than one-tenth of one percent of its total revenue.

The concept of personal jurisdiction exists in two forms – general and specific. The Tenth Circuit described them as follows:

> Jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum state is "specific jurisdiction." In contrast, when the suit does not arise from or relate to the defendant's contacts with the forum and jurisdiction is based on the defendant's presence or accumulated contacts with the forum, the court exercises "general jurisdiction."

Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1418 (10th Cir. 1988). In order to exercise general jurisdiction over a defendant, there must be evidence of "continuous and systematic contacts" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn.8 & 9 (1984). In determining whether a corporation is subject to general personal jurisdiction in a state other than its state of incorporation or principal place of business, the question "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" Daimler AG v. Bauman, ___ U.S. ___, 134 S.Ct. 746, 762 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, ___ U.S. ___, 131 S.Ct. 2846, 2851 (2011)).

Applying these standards, Plaintiff has failed to offer any evidence or argument demonstrating that Defendant Chicago Costume has the necessary activities within

2

Oklahoma to subject it to general jurisdiction in this state. Indeed, Plaintiff offers no persuasive argument in her response brief to suggest that general jurisdiction is appropriate in this case.

Turning to the issue of specific jurisdiction, as noted above, Defendant Chicago Costume has sold three of the alleged infringing masks to residents of Oklahoma. Two were to Plaintiff and the other to an individual in Enid. Plaintiff's purchase of the masks are insufficient to create specific jurisdiction. The Supreme Court recently held in Walden v. Fiore, ___ U.S. ___, 134 S.Ct. 1115, 1122 (2014), that "[t]he plaintiff cannot be the only link between the defendant and the forum." The single Oklahoma transaction is an isolated occurrence which is insufficient to support specific jurisdiction. In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985), the Supreme Court stated, "'some single or occasional acts' related to the forum may not be sufficient to establish jurisdiction if 'their nature and quality and the circumstances of their commission' create only an 'attenuated' affiliation with the forum" (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 318 (1945)).

Plaintiff has failed to offer facts or argument supporting the Court's exercise of the specific jurisdiction over Defendant Chicago Costume. Rather, the evidence before the Court demonstrates that, at best, Chicago Costume had a single relevant contact with the state within the context of the wrongs alleged by Plaintiff's Complaint. That act is insufficient to find that Defendant purposefully directed its activities at Oklahoma and that Plaintiff's injuries arose out of Defendant's forum-related activities. Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008).

Finally, even if there were some proof of minimum contacts, the personal jurisdiction inquiry also demands proof that exercising jurisdiction over Defendant Chicago Costume would not be in violation of due process. The Tenth Circuit has set out five factors to be considered in determining the reasonableness of an assertion of personal jurisdiction.

> In determining whether exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," we consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1095-96 (10th Cir. 1998). Considering each of these factors, the Court finds that none weighs in favor of exercising personal jurisdiction over Defendant Chicago Costume.

For the reasons set forth herein, Defendant Paragon, Paradigm, Paradox, Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 17) is GRANTED. Plaintiff's claims against this Defendant are dismissed for lack of personal jurisdiction.

IT IS SO ORDERED this 22nd day of July, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge